UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 10-10358-MLW-2

UNITED STATES OF AMERICA

v.

MICHAEL CASSANDRO

**REPORT AND RECOMMENDATION**
**REGARDING GARNISHMENT OF RETIREMENT ACCOUNTS**

July 19, 2016

Boal, M.J.

Michael Cassandro requests that the Court limit the garnishment of his retirement accounts held by garnishees Fidelity Brokerage Services, LLC and Fidelity Management Trust Company to only those funds which are in excess of the early cash-out fees and taxes owed by Cassandro. Dkt. Nos. 672, 675. The government does not oppose his request.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On August 13, 2014, Cassandro plead guilty to charges of conspiracy and health care fraud pursuant to an agreement with the government. Dkt. No. 383. On June 11, 2015, the District Court sentenced him to eight months imprisonment, thirty-six months supervised release, a $300 special assessment, and $933,614.43 in restitution, Dkt. No. 607, and entered judgment on June 28, 2015. Dkt. No. 610.

On November 10, 2015, the government moved for a writ of garnishment upon all funds held by Fidelity Brokerage Services, LLC and Fidelity Management Trust Company on Cassandro's behalf. Dkt. Nos. 658, 659. The Court endorsed those writs on February 10, 2016. Dkt. Nos. 663-668. On February 22, 2016, Cassandro submitted a response and requested that the garnishment be limited to only those funds held by the garnishees which are in excess of the

1

fees and taxes due upon early-disbursement of Cassandro's accounts. Dkt. No. 672 at 6. On March 3, 2016, Fidelity Brokerage Services, LLC and Fidelity Management Trust Company filed answers and stated that they held, respectively, $123,150.26 and $20,230.34 on behalf of Cassandro. Dkt. Nos. 673 at 2, 674 at 2.

On March 9, 2016, Cassandro moved for a hearing on garnishment. Dkt. No. 675. The District Court referred the matter to the undersigned Magistrate Judge on May 6, 2016.[1] Dkt. No. 682. The Court heard oral argument on May 17, 2016. Dkt. No. 686. At the Court's request, the parties submitted jointly proposed orders regarding Cassandro's requests. Dkt. No. 689.

## II. STANDARD OF REVIEW

The Mandatory Victims Restitution Act ("MVRA") codified in relevant part at 18 U.S.C. § 3613, provides that:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined.

18 U.S.C. § 3613(a). The MVRA further states: "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f). These sections allow the government to enforce a judgment that

---

[1] Conflicting authority exists as to whether objections to a garnishment writ issued under the Federal Debt Collection Procedures Act are within a magistrate judge's "hear and determine" or "report and recommendation" authority pursuant to 28 U.S.C. § 636(b). See United States v. Quam, 127 F. Supp. 3d 999, 1001 (D. Minn. 2015); see also United States v. Lawrence, 538 F. Supp. 2d 1188, 1191 (D.S.D. 2007) (listing cases). Accordingly, this Court finds that the most appropriate course of action is to proceed by way of report and recommendation.

2

includes restitution against all property or rights to property of the person fined.[2]  United States v. Hyde, 497 F.3d 103, 107 (1st Cir. 2007).

The government may apply for a writ of garnishment to enforce a restitution order for the benefit of private victims.  28 U.S.C. § 3205; see United States v. Witham, 648 F.3d 40, 47-48 (1st Cir. 2011).  In response, a Court may issue a writ of garnishment

> against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. . . . A court may issue simultaneous separate writs of garnishment to several garnishees.

28 U.S.C. § 3205(a).  "'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld."  28 U.S.C. § 3002(5).

## III.   DISCUSSION

Cassandro argues that any garnishment should not include the early-cash out fees and taxes that will be owed upon the withdrawal of the retirement accounts.  Dkt. Nos. 672, 675.  In support of his position, Cassandro submits a letter from his accountant stating that the total taxes and penalties that will be owed upon early withdrawal will be approximately $80,210.00.  Dkt. No. 675-1.  The government has not opposed Cassandro's arguments.  This Court has carefully considered Cassandro's arguments and finds that he should be permitted to use funds from the retirement accounts to satisfy his obligation to pay the applicable early withdrawal fees and taxes.  On May 17, 2016, this Court asked the parties to file a proposed order.  The parties jointly proposed two orders—one for each garnishee.  See Dkt. Nos. 689-1, 689-2.  This Court, having reviewed the orders and finding them to be a logical solution and in keeping with the pertinent legal authority, recommends that the District Court endorse the orders.

---

[2] Cassandro does not challenge the Court's authority under the MVRA to enter a restitution order against an ERISA-protected retirement account.  Dkt. No. 672 at 4-5.

**IV.    RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court endorse the parties' proposed orders.

**V.    REVIEW BY DISTRICT JUDGE**

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

    /s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge